UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MARK A. DABNEY,**

                        **Petitioner,**

            v.                                      **Case No. 20-CV-641**

**PATRICK MELMAN,**[1]

                        **Respondent.**

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Mark A. Dabney filed a petition for a writ of habeas corpus on April 22, 2020. (ECF No. 1.) The Honorable Lynn Adelman screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to respond to the petition. (ECF No. 3.) Dabney's petition was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF Nos. 5, 7.) The respondent filed a motion to dismiss. (ECF No. 9.) Dabney responded (ECF No. 11), and the respondent replied (ECF No. 12).

---

[1] Records of the Wisconsin Department of Corrections indicate that the petitioner is currently incarcerated at the Sanger B. Powers Correctional Center. *See* https://appsdoc.wi.gov. The superintendent of this institution is Patrick Melman. https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/Sanger BPowersCorrectionalCenter.aspx. In accordance with Fed. R. Civ. P. 25(d) and Rule 2(a) of the Rules Governing Section 2254 Cases, the caption is amended accordingly.

The respondent argues that Dabney's petition must be dismissed because he has not exhausted his state court remedies; he fails to state a cognizable claim; his petition is untimely; and it is a second or successive petition. (ECF No. 10.) In response, Dabney asserts he "filed an appeal thru Postconviction Motion." (ECF No. 11 at 1.) He then acknowledges that his post-conviction attorney informed him "she was filing a no merit and refused to argue [his present claim]." (ECF No. 11 at 2.) He does not otherwise materially address the merits of the respondent's motion.

Dabney's petition relates to his conviction in Waukesha County Circuit Court case number 14CM1504. (ECF No. 1.) Dabney previously filed a federal habeas petition regarding this same state court judgment. *Dabney v. Suter*, 19-CV-421 (E.D. Wis.). Judge Griesbach screened that petition under Rule 4 of the Rules Governing Section 2254 Cases and dismissed it. *Dabney v. Suter*, No. 19-C-421, 2019 U.S. Dist. LEXIS 55182 (E.D. Wis. Mar. 30, 2019). Judge Griesbach noted that Dabney had not exhausted his state court remedies. *Id.* at *2-3.

When a first petition is dismissed because the petitioner failed to exhaust his state court remedies, 28 U.S.C. § 2244(b) ordinarily will not preclude a petitioner from filing a second petition after he has exhausted his state court remedies. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (habeas petition filed after prior petition was dismissed for failure to exhaust state remedies not successive). But Dabney's failure to

2
Case 2:20-cv-00641-WED   Filed 09/17/20   Page 2 of 5   Document 13

exhaust his state court remedies was only one reason Judge Griesbach gave for dismissing Dabney's first petition. Judge Griesbach also found that

> Dabney's petition must be dismissed because it asks the court to review a state court determination made regarding the application of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Dabney's petition only concerns the application of a state law in state court. Consequently, his claim does not present a cognizable basis for granting federal relief, and his petition will be dismissed

*Dabney*, 2019 U.S. Dist. LEXIS 55182, at *3-4. This was a decision on the merits pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.") Dabney's present petition attempts to reassert the same claim that Judge Griesbach found to be without merit.

Thus, Dabney's petition is an impermissible second or successive petition. A petitioner may file second or successive petition only if he first obtains permission from the court of appeals to do so. 28 U.S.C. § 2244(b)(3)(A). Dabney has not done so. Because Dabney has not satisfied the requirements of § 2244(b)(3), his petition must be dismissed. *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999).

Moreover, the court agrees with Judge Griesbach that Dabney's claim of a violation of state law is not cognizable in a federal habeas petition. Additionally, the court finds that Dabney has still not exhausted his state court remedies. Exhaustion

requires a petitioner to present his claim to "one complete round of state-court review," which means presenting the same claim to the circuit court, the court of appeals, and the Wisconsin Supreme Court. *See King v. Pfister*, 834 F.3d 808, 816 (7th Cir. 2016). Although Dabney sought post-conviction relief in the circuit court, he never presented his claim to the Wisconsin Court of Appeals or the Wisconsin Supreme Court.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 9) is **granted**. The petition and this action are dismissed. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Dabney has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and he has failed to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability is **denied**, *see* Rule 11(a), Rules Governing § 2254.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment (60 days if one of the parties is, for example, the United States, a United States agency, or a United States officer or employee sued in an official capacity). *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an

extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 17th day of September, 2020.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge